UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-148 (PAM/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Orlando Ray Gray, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Hildy Bowbeer dated March 22, 2022. (Docket No. 84.) The R&R recommends denying Defendant Orlando Ray Gray's Motion to Suppress Statements. (Docket No. 31.)[1] Defendant filed timely objections to the R&R. (Docket No. 85.) The Government did not file a response to those objections and the time for doing so has passed. The matter is ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Defendant challenges his statements to law enforcement both at the time of his arrest and in an interrogation the next day, contending that he was not given sufficient Miranda warnings before he spoke to officers, and that police filed to secure an

---

[1] Defendant brought an additional motion to suppress evidence obtained as a result of search and seizure. (Docket No. 24.) The R&R notes that Defendant withdrew this motion and Defendant's objection does not contend otherwise.

explicit waiver of Miranda rights before questioning him and continued questioning him even after he indicated that he did not wish to speak further.

**DISCUSSION**

Gray raises challenges to statements he made to police on two different occasions: the first at the time of his arrest and the second during police questioning at the jail the next day. The Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436 (1966), "requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued prior to questioning whenever a suspect is (1) interrogated (2) while in custody." United States v. Griffin, 922 F.2d 1343, 1347 (8th Cir. 1990) (emphasis omitted). There is no dispute that Gray was in custody at the time of both challenged statements.

The first question is whether Gray's statements at the time of his arrest were in response to interrogation or were voluntary. A "voluntary statement made by a suspect, not in response to interrogation, is not barred by the Fifth Amendment and is admissible with or without the giving of Miranda warnings." United States v. Hatten, 68 F.3d 257, 262 (8th Cir. 1995) (citing Rhode Island v. Innis, 446 U.S. 291, 299 (1980)); see also United States v. Hayes, 120 F.3d 739, 744 (8th Cir. 1997) ("Miranda does not protect an accused from a spontaneous admission made under circumstances not induced by the investigating officers or during a conversation not initiated by the officers.") (quotation omitted). Interrogation is either "express questioning" or "words or actions . . . that the police should know are reasonably likely to elicit an incriminating response." Innis, 446 U.S. at 301.

After he was placed under arrest, Gray asked one of the arresting officers about two cell phones found in the vehicle in which he was a passenger. The officer told Gray that the phones would be seized because they were found in the presence of drugs and guns. According to Gray, this statement was the beginning of interrogation because the officer should have known that Gray would make incriminating statements in response to this comment. But as the R&R found, a reasonable officer could not have anticipated from his exchange with Gray that this answer to Gray's question about the phones would elicit an incriminating response. (R&R at 12.) Gray's statements to the arresting officer were not the product of interrogation and his Motion to suppress those statements is denied.

Gray also seeks to suppress his responses to the interrogation conducted by two officers on the day after his arrest. According to Gray, these statements were the product of an impermissible multi-step interrogation. This argument depends in part on Gray's contention that the post-arrest conversation was an interrogation, a contention that the Court rejects.

Gray relies heavily on United States v. Ollie, 442 F.3d 1135 (8th Cir. 2006), for his argument regarding the alleged multi-step interrogation. But this case is not akin to Ollie. In Ollie, the defendant confessed before being given Miranda warnings. Id. at 1137. The police then advised him of his Miranda rights and thereafter the defendant agreed to give a written statement memorializing his confession. Id. The Court of Appeals noted that the Supreme Court had determined that this type of "midstream" Miranda warning was constitutionally effective only if the situation met several criteria, such as the "overlapping content" of the defendant's statements, "the timing and setting of the first and second"

interrogations, and the "degree to which the interrogator's questions treated the second round as continuous with the first." Id. at 1141 (quoting Missouri v. Seibert, 542 U.S. 600, 615 (2004)).

Here, unlike Ollie, there was no "multi-step" interrogation, nor were there "midstream" Miranda warnings. After their initial conversation about the seizure of Gray's cell phones, the arresting officer advised Gray of his Miranda rights and Gray declined to speak with him further. There is no dispute that the two officers who interrogated Gray the next day again advised him of his Miranda rights before they questioned him. The record is clear that Gray understood the nature of his right to remain silent and his right to an attorney both in the immediate aftermath of his arrest and in the questioning the following day.

Nor did Gray fail to waive his right to remain silent. According to Gray's argument, even though he signed the Miranda waiver form, and although he clearly understood the rights Miranda protects, the interrogating officers' failure to secure an explicit waiver of Miranda rights from Gray meant that he did not waive them. This argument takes Miranda too far. The form advised Gray of his rights and he knew that if he continued speaking with the officers outside the presence of counsel, he would waive those rights. His continued participation in the interrogation constitutes a sufficient waiver and the statements he made will not be suppressed on this basis.

Gray likewise did not invoke his right to remain silent. His statement that he "did not want to incriminate" himself is not an explicit invocation of Miranda, as the R&R correctly held. (R&R at 18.) And his argument that his statements were involuntary is

4

without merit. The context of his conversations with law enforcement establish that Gray was well aware that he could refuse to speak with the officers, and that it was Gray, not the officers, who was seeking to offer information in an attempt to get out of his predicament. The officers did not create a coercive environment, as Gray argues. Gray's statements were not involuntary.

The police officers involved here did not violate Gray's rights and the statements he made are not subject to suppression.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 84); and

2. Defendant Orlando Ray Gray's Motion to Suppress (Docket No. 31) is **DENIED**.

Date:   May 16, 2022

                                                   *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge